**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4006**

─────────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

ROBERT EUGENE THOMPSON,

                                        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  James P. Jones, Chief District
Judge.  (1:06-cr-00026-jpj-1)

─────────────

Submitted:  June 20, 2007          Decided:  July 30, 2007

─────────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson,
Assistant Federal Public Defender, Christine Madeleine Spurell,
Research and Writing Attorney, Abingdon, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Zachary T. Lee, Special
Assistant United States Attorney, Jennifer R. Bockhoust, Assistant
United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Eugene Thompson pled guilty to conspiracy to distribute five grams or more of cocaine base, 21 U.S.C. § 846 (2000), and distribution of five grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2000). He was sentenced to concurrent 120-month prison terms. He now appeals his sentence. We affirm.

In imposing a sentence post-Booker, the sentencing court must calculate the appropriate advisory guideline range, making any necessary factual findings. The court then should consider that range in conjunction with the factors set out at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine a proper sentence. United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). The sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted). "[A] sentence within the properly calculated Guidelines range . . . is presumptively reasonable." United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Thompson's sentence falls within the statutory range of not more than forty years for each offense. See 21 U.S.C. § 841(b)(1)(B) (2000). Further, the district court correctly determined the advisory guideline range of 120-150 months in prison. In this regard, we note that, after Booker and consistent with the Sixth Amendment, sentencing factors continue to be

evaluated based on a preponderance of the evidence. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). We conclude that the sentence is reasonable. <u>See</u> <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 380 (4th Cir. 2006), <u>petition for cert. filed</u>, ___ U.S.L.W. ____ (U.S. July 21, 2006) (No. 06-5439); <u>Green</u>, 436 F.3d at 457.

We deny the motion to strike the reply brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>